Appellant=s Motion for Rehearing Overruled; Opinion of September 25,
2007 Withdrawn; Affirmed and Substitute Memorandum Opinion filed November 1,
2007








Appellant=s Motion for Rehearing Overruled; Opinion of September 25, 2007
Withdrawn; Affirmed and Substitute Memorandum Opinion filed November 1, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00875-CR

_______________

 

STEVEN TRIDUNG TRINH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 1053996

                                                                                                                                                

 

S U B S T I T U T E  M E M O R A N D U M  O P I N I O
N

Appellant=s motion for rehearing is overruled. 
We withdraw our memorandum opinion  issued on September 25, 2007 and issue this
substitute opinion.








A jury
found appellant guilty of capital murder.  The trial court assessed an
automatic life sentence.  In four issues, appellant contends the trial court
erred in admitting four photographs at trial because their probative value was
substantially outweighed by the danger of unfair prejudice and the presentation
of cumulative evidence.  All dispositive issues are clearly settled in law. 
Accordingly, we issue this memorandum opinion and affirm.  See Tex. R. App. P. 47.4.

                                                            I. Background

In the
winter of 2005, Huan Vudoan and complainant, Luan Pham, were students at Dobie
High School in Pasadena, Texas.  After complainant became friends with Vudoan=s ex-girlfriend, the two men were
involved in a number of physical altercations.  Complainant ultimately
approached school officials and complained about two specific incidents.  In
the first incident, Vudoan broke the windows of complainant=s car, shooting them with a BB gun. 
In the second incident, which occurred in the cafeteria before school, Vudoan
and Thuan Vu wrestled complainant from behind while Vudoan struck complainant
in the head.  After an investigation, a school district police officer, Mark
Grice, filed assault and criminal mischief charges against Vudoan.  Apparently
in retaliation for bringing the charges, and to keep complainant from
testifying against him, Vudoan hired appellant and Micheal Tran to kill
complainant.

On the
afternoon of February 23, 2005, appellant and Tran met complainant at his
home.  The three went to a What-A-Burger restaurant; their presence was
captured on the restaurant=s video surveillance equipment.  During the visit to the
restaurant, phone records indicate that appellant contacted Vudoan.  After
eating, the three men returned to complainant=s home to play video games.  When
complainant fell asleep on the couch, either appellant or Tran placed a pillow
over his head and appellant shot complainant in the head with a .9 millimeter
handgun at least three times.  Appellant and Tran subsequently left the home. 
Complainant was discovered dead by his mother at 8:00 p.m., when she returned
home and removed the pillow from his head.








Houston
Police Department Officer Robin Young conducted an investigation of the crime
scene, recovering six fired cartridge casings and four fired bullets.  She
documented the crime scene with photographs, including photographs of
complainant=s body from various angles.  Dr. Mary Anzalone performed the autopsy. 
She discovered five bullet wounds in complainant=s head, and concluded that any one of
them would have been fatal.  She documented the autopsy in photographs.  During
the course of the investigation, officers questioned Thuan Vu, who implicated
appellant, among others.  After the police contacted him, appellant made a
statement admitting his involvement in the shooting.  Appellant was eventually
arrested.  

At
trial, eyewitnesses, police investigators, and Dr. Anzalone testified for the
State.  The jury returned a verdict convicting appellant of capital murder.

II. Admission of Photographs

Appellant
contends the trial court erred by admitting four photographs: three taken by
Officer Young at the crime scene and one taken by Dr. Anzalone prior to the
autopsy.  Under the Texas Rules of Evidence, relevant evidence may be excluded
if its probative value is substantially outweighed by the danger of unfair
prejudice or the needless presentation of cumulative evidence.  Tex. R. Evid. 403.  Appellant claims
that these four photographs should have been excluded because their probative
value was substantially outweighed by the danger of unfair prejudice and the
photographs were cumulative of other evidence.  We disagree.

A.
AUnfair Prejudice@ Objection








We
review a trial court=s decision to admit evidence under an abuse of discretion
standard.  Sonnier v. State, 913 S.W.2d 511, 518 (Tex. Crim. App.
1995).  We will not second guess the determination of the trial court if its
decision is within the zone of reasonable disagreement.  Narvaiz v. State,
840 S.W.2d 415, 429 (Tex. Crim. App. 1992).  Proper rule 403 analysis should
include, but is not limited to, the following considerations: (1) the probative
value of the evidence; (2) the potential to impress the jury in some
irrational, yet indelible way; (3) the time needed to develop the evidence; and
(4) the proponent=s need for the evidence.  Montgomery v. State, 810
S.W.2d 372, 389B90 (Tex. Crim. App. 1990).  In evaluating whether the
probative value of photographs is substantially outweighed by the danger of
unfair prejudice, we also consider the following non-exclusive factors: the
number of photographs, the size of the photographs, whether the photographs are
in color or black and white, whether the photographs are gruesome, whether any
bodies are clothed or naked, and whether the body has been altered by autopsy. 
Erazo v. State, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004) (citing Narvaiz,
840 S.W.2d at 429); Whitmore v. State, 183 S.W.3d 522, 531 (Tex.
App.BHouston [14th Dist.] 2006, no pet.).

Appellant
claims that the probative value of the four photographsBState=s Exhibits 2, 4, 13, and 71Bwas substantially outweighed by the
danger of unfair prejudice because he did not dispute the location of the body
or the fact that complainant was shot, the State had little need for the
evidence, and the photographs were gruesome.  However, we cannot conclude the
trial court abused its discretion.  

Exhibits
2 and 13 are photographs of complainant=s entire body taken at the crime
scene from different angles.  Each shows complainant=s body laying on the couch next to a
bloody pillow and illustrates the wounds to complainant=s head and the location of blood
spatter on complainant=s shirt.  Exhibit 4 is a close-up of complainant=s upper body taken at the crime scene
and depicts injuries to complainant=s head as well as blood spatter on
complainant=s hands and shirt.  Exhibit 71 depicts the condition of complainant=s body as it was received by the
Harris County Medical Examiner.  The photograph shows complainant from his
waist up and illustrates the injuries to his face as well as concentrations of
blood on complainant=s clothing.  This photograph was taken before the autopsy and
therefore depicts only the wounds resulting from the offense; it does not show
any alteration of the body caused by the autopsy.  








The
relevant factors weigh in favor of admissibility.  The photographs are
probative because they support the State=s theory that complainant was killed
by a gunshot wound to the back of the head.  The photographs had only a slight
potential to impress the jury in an irrational way because they depicted only
the results of appellant=s actions.  The State used little time to develop the
evidence.  The testimony developing the four photographs consists of only two
out of 294 pages of trial testimony.  Finally, the State had a need for the
contested photographs.  They corroborated the testimony of Officer Young, the
crime scene investigator, and Dr. Anzalone, the medical examiner. 
Additionally, the photographs aided the jury=s understanding of complainant=s injuries and the general nature of
the crime.








Turning
to the other relevant factors, all four photographs at issue are eight by ten
and three quarters inches or smaller.  All four photographs are in color:
Exhibit 2 is a glossy color print and Exhibits 4, 13, and 71 are color copies. 
Nevertheless, the fact that the photographs are in color does not outweigh the
factors in favor of admissibility.[1]  While the
photographs of complainant=s body taken at the crime scene and prior to the autopsy may
be somewhat disturbing to jurors unused to viewing such images, they are not
especially gruesome.  The photographs depict only the consequences of appellant=s actions, and to the extent the
photographs are gruesome, they are no more gruesome than the facts of the
offense.  See Sonnier, 913 S.W.2d at 519 (stating that a trial court
does not err merely by admitting gruesome photographs when the gruesomeness Aemanates from nothing more than what
the defendant has himself done@); see also Johnson v. State, 32 S.W.3d 388, 396 (Tex.
App.BHouston [14th Dist.] 2000, no pet.)
(recognizing the fact that a crime scene photograph is gruesome will seldom, in
itself, render the photograph inadmissable under rule 403).  Complainant is
clothed in each of the four photographs, although in State=s Exhibit 71 complainant=s shirt has bunched around his chest
exposing a portion of his midriff.  Lastly, the photograph of complainant=s body taken before the autopsy shows
the body as it was received in the morgue; it depicts no alteration of
complainant=s body due to the autopsy.  See Hayes v. State, 85 S.W.3d 809, 816
(Tex. Crim. App. 2002) (stating that autopsy photographs are generally
admissible unless they depict mutilation caused by the autopsy itself). 

In sum,
the trial court=s finding that the probative value of the photographs was not
substantially outweighed by the danger of unfair prejudice was within the zone
of reasonable disagreement.

B.
ACumulative@ Objection

Appellant
argues that admission of the four photographs also violated rule 403 because
they are cumulative of other admitted photographs.  However, rule 403 does not
require the exclusion of all cumulative evidence; rather it requires exclusion
if the probative value of the evidence is substantially outweighed by the
needless presentation of cumulative evidence.  See Tex. R. Evid. 403. 

The
State introduced nine photographs taken at the crime scene depicting some part
of complainant=s body.[2]  Exhibits 3,
11, and 15 show complainant=s body laying on the couch from different angles and
emphasize different points of interest.  Exhibits 5, 6, and 7 focus on
complainant=s legs and show different spatters of blood on the couch. Exhibits 8 and
9 depict complainant=s shirt and illustrate different concentrations of blood on
his shirt and the couch.  








In
contrast, exhibits 2, 4, and 13, the photographs-at-issue taken at the crime
scene, focus on the wounds to complainant=s head.  Although all the photographs
are cumulative to the extent that they all show some aspect of complainant=s injuries, the complained of
photographs are not needlessly cumulative because they allowed the jury to see
complainant=s head injuries in greater detail than the other exhibits.

The
State also introduced seventeen photographs taken during the autopsy.[3] 
Exhibits 73, 74, 75, 78, 79, 81, 82, 83, 84, and 85 are close-up views of
entrance and exit wounds on complainant=s body.  Exhibits 76, 77, and 80 are
X-ray photographs detailing the location of bullets and bullet fragments. 
Exhibits 87 and 88 focus on complainant=s hair before it was shaved to reveal
his injuries.  Exhibit 72 depicts complainant=s face, after it was cleaned in
preparation for the autopsy.  

In
contrast, Exhibit 71, the photograph-at-issue taken before the autopsy, shows
complainant as he was received at the morgue.  This photograph was taken before
complainant had been cleaned and prepared for the autopsy, and it emphasizes
the condition in which appellant left complainant.  Therefore, we cannot
conclude that it is needlessly cumulative of the other photographs.

Accordingly,
the trial court did not abuse its discretion by admitting the photographs
because the probative value of the photographs was not substantially outweighed
by the danger of unfair prejudice or the needless presentation of cumulative
evidence.  We overrule appellant=s four issues.

The
judgment of the trial court is affirmed.

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and Substitute Memorandum Opinion
filed November 1, 2007.

Panel consists of Justices Yates, Seymore, and
Edelman.*

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  In our original disposition, we reviewed only black
and white copies of the photographs at issue.  A review of the appellate record
has uncovered two sets of photographs, one set black and white and another set
color.  We have reviewed the color copies of the photographs at issue, and
although color is a factor weighing against admission of the photographs, our
conclusion that the trial court did not abuse its discretion in admitting the
four photographs at issue is unchanged.





[2]  State=s
Exhibits 2-9, and 15.





[3]  State=s
Exhibits 71-85, 87, and 88.





* 
Senior Justice Richard H. Edelman sitting by assignment.